# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ACZEL CARDENA-SOSA,**

    Petitioner,

v.                                                  **CIVIL ACTION NO.: 3:14-CV-76**
                                                     **CRIMINAL ACTION NO.: 3-03-CR-31-10**
                                                       **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R, [ECF 5 in 3:14-CV-76; ECF 461 in 3:03-CR-31-10], on March 11, 2015. In the R&R, he recommends that this Court enter an order denying as untimely the Petitioner's 28 U.S.C. § 2255 motion, [ECF 1 in 3:14-CV-76; ECF 435 in 3:03-CR-31-10], and that this case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150

(1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the United States Penitentiary, Mendota, in Mendota, California, on March 16, 2015. Therefore, after allowing for additional time to ensure personal receipt, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed. No objections have been filed. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation, [ECF 5 in 3:14-CV-76; ECF 461 in 3:03-CR-31-10], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DENIES** as untimely the Petitioner's 28 U.S.C. § 2255 motion, [ECF 1 in 3:14-CV-76; ECF 435 in 3:03-CR-31-10], and **ORDERS** that this case be **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter judgment for the Respondent.

Pursuant to 28 U.S.C. § 2253(c), the Court is required to issue an order granting or denying a certificate of appealability from the final order in a proceeding under § 2255 before an appeal may be taken. However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can satisfy this standard by demonstrating that

reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

Here, upon an independent review of the record, the Court finds that the Petitioner has not made the requisite showing. Accordingly, this Court hereby **DENIES** a certificate of appealability.

The Clerk is directed to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** May 6, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE